UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                     Hon. F. Kay Behm

v.

                                                No. 24-20376

Montinez Smith,

        Defendant.

_____

**MOTION TO DISMISS BECAUSE 18 U.S.C. § 922(g) IS UNCONSTITUTIONAL AS APPLIED TO THIS DEFENDANT; AND 922(g) AS INTERPRETED BY NEW LAW VIOLATES DUE PROCESS**

Defendant, Smith, moves to dismiss the Indictment for violation of 18 U.S.C.§ 922(g) because as applied to him 922(g) violates the 2nd Amendmant; and because under the new interpretation of 922(g) in the 6th Circuit, it unconstitutionally denies due process by failing to give fair notice and is susceptible to arbitrary application.

The Government has not concurred.

January 30, 2025                         s/Charles A. Grossmann
                                                Charles A. Grossmann (P24522)
                                                Attorney for Defendant
                                                813 Church St.
                                                Flint, MI 48502
                                                (810) 232-0553
                                                cgrossmann702@hotmail.com

**BRIEF IN SUPPORT**

Smith moves to dismiss the indictment charging him for a violation of 18 U.S.C.§ 922(g) under the standards of "dangerousness" set out in *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024). *Williams* held that 922(g) "is constitutional on its face and as applied to dangerous people."

Smith raises two issues. First, he advocates that his criminal record and other judicially noticeable information does not demonstrate he is sufficiently dangerous to be disarmed.

Second, although the *Williams* case held that 18 U.S.C §922(g) is constitutional on its face, Smith maintains that the new standards of the dangerousness of the individual that is to be determined after a person is charged, renders 18 USC §922(g) unconstitutionally vague. It fails to give notice to members of the public who have prior felony convictions whether they are eligible to possess firearms; and it leads to arbitrary application.

1. <u>As-Applied Challenge to 922(g)</u>

Smith's criminal record begins with his state court conviction when he was 17 for armed robbery. Pursuant to *Williams*, such a conviction falls in the category of people who have committed "a crime 'against the body of another being' including (but not limited to ) murder, rape, assault, and robbery". As the *Williams* formula for the Courts evaluation of dangerousness advises, a person falling into that category "will have a very difficult time, to say the least, or showing he is not dangerous" *Id.* at 663.

It is significant that *Williams* did not foreclose all as-applied 2nd Amendment challenges to persons like Smith with an armed robbery conviction.

Smith's armed robbery conviction per se does not indicate he is now a danger for the following reasons;

1. The report on the armed robbery for which he was convicted indicates that he did not assault anybody with a weapon or otherwise. He was a young man (who would now be a juvenile under current Michigan law) who drove the get-a-way car. There is no showing that he personally actually went into the store, or that he personally possessed a weapon, or that he assaulted or took any property from the victims. Although the law makes such a driver who assists others criminally responsible, that is a different question as to whether that person's conviction demonstrates he is personally dangerous.

2. Second, is Smith's age at the time. He was 17. It is now recognized by science and the law that a young man of that age up until the age of 25 does not have a fully formed brain. They are much more inclined to act recklessly, without regard for consequences. They are different people than who they become.

The 17 year old Montinez Smith, in December of 2008, exercised very bad judgment in being involved in an armed robbery, but the circumstances of that event did not indicate Smith was a dangerous individual at that time. The Montinez Smith of 2024, approximately 16 years later, has now matured and any dangerousness indicated by the armed robbery conviction has been completely diluted.

The conviction is not a measure of Smith's dangerousness.

Smith subsequent convictions, ironically, are for carrying a firearm as a convicted felon, under the same statute that he now challenges as not constitutional as applied to him. Those convictions are of no consequence. If he is not rendered dangerous by his armed robbery conviction when he was 17, then those past convictions under 922(g) would not indicate

dangerousness. As we know after *Williams,* merely possessing a firearm does not inherently pose a threat of physical danger.

### 2. Due Process, Void for Vagueness

In *Johnson v United States* 576 U.S. 591 (2015) the Supreme court declared the residual clause of 18 U.S.C.§ 924(e)(1) defining "violent felony" as unconstitutionally vague, saying:

> "The Fifth Amendment provides that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.' Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357–358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)". *Id* at 595
>
> "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law. *Id* at 597"

After the 6th Circuit case of *Williams* interpreting 922(g), defendants who have a felony conviction do not have fair notice that they are violating the law when they possess a firearm. At best, those people would only know that with a prior conviction they could be charged, but that charge could be determined unconstitutional if they can clear the ambiguous and vague hurdle of showing they are not "dangerous". Their conviction is not now limited to what they did (felon possessing a firearm), but also depends on their status of their character as determined by an undefined standard. They simply do not know if they can possess a firearm until after they are arrested, charged, and possibly imprisoned awaiting trial.

The determination of "dangerousness" is the same kind of problem that there was with the residual clause of the 924(e) definition of a "violent felony". It invites arbitrary enforcement by the courts.

4

Under the Supreme Court precedent of *Johnson* addressing 924(e), 922(g) as it is presently interpreted in the 6th Circuit likewise denies due process because of its now vague and arbitrary standard of which "felon" is "dangerous" and cannot possess a firearm.

As other courts have said, and the government will surely argue, the precedent of the 6th Circuit, which they say they must follow, is that *Willaims* found 922(g) facially constitutional, Without much discussion, and because of the constraints of stare decisis, those courts have merely denied defendants' motions that argued 922(g) is void for vagueness..

There are exceptions to stare decisis when the precedent of the higher court is not required to be followed. First, in this case, is because the 6th Circuit did not address this issue directly in *Williams*. *Williams* did not discuss how its new interpretation of 922(g) will give defendants fair notice that their possession of a firearm is illegal. The *Williams* issue was whether 922(g) violated the 2nd Amendment, not whether it violated due process. A second exception is when there has been a significant development in the law. It is undeniable that the *Williams* approach to 922(g) has been a substantial development in the law regarding felons in possession of firearms, leaving open questions about 922(g)'s administration by police, prosecutors and courts.

Because the 6th Circuit did not address this particular issue in *Williams* it did not contradict the Supreme Court precedent of *Johnson v United States*. It left the door open for this Court to apply the due process principles of *Johnson*. Those principles make 922(g), as the 6th Circuit interprets it, an unconstitutionally vague statute that denies due process.

Conclusion

Smith requests the charges against him be dismissed for the above stated reasons.

January 30, 2025                    s/Charles A. Grossmann
             Charles A. Grossmann (P24522)
             Attorney for Defendant
             813 Church St.
             Flint, MI 48502
             (810) 232-0553
             cgrossmann702@hotmail.com


**PROOF OF SERVICE**

The undersigned electronically served the above document on the same date of electronically filing this document, on this date to all the parties of record.

January 30, 2025                    s/Charles A. Grossmann
             Charles A. Grossmann (P24522)
             Attorney for Defendant
             813 Church St.
             Flint, MI 48502
             (810) 232-0553
             cgrossmann702@hotmail.com