# United States District Court
# Eastern District of Michigan
# Southern Division

United States of America,

       Plaintiff,

                                 Case No. 4: 24-cr-20376

v.

                                 Hon. F. Kay Behm

Montinez Smith,

       Defendant.

_____/

## United States' Response and Brief in Support Opposing Defendant's Motion to Dismiss the Indictment

For the reasons stated in the attached brief, Defendant's motion to dismiss should be denied.

                                 JULIE A. BECK
                                 Acting United States Attorney

                                 s/ Christopher W. Rawsthorne
                                 Assistant United States Attorney
                                 211 W. Fort Street, Suite 2001
                                 Flint, MI 4850_
                                 Phone: (810) 766-5032
February 25, 2025            E-Mail: Christopher.rawsthorne@usdoj.gov

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Montinez Smith,

    Defendant.
_____/

Case No. 2:24-cr-20376

Hon. F. Kay Behm

# Brief in Support of the Government's Response to Defendant's Motion to Dismiss the Indictment

Police arrested Defendant Montinez Smith after he full-on sprinted from a traffic stop after being asked to step out of the car he was driving, which had no license plate and which Smith was driving without any driver's license. Law enforcement recovered a firearm under the passenger seat. At the time, Smith was on supervised release for *two* separate federal felon-in-possession of a firearm convictions.

He now moves to dismiss the indictment against him, making the audacious claim that the constitution protects his right to possess such a weapon despite his extremely serious armed robbery conviction and

Page **1**

multiple federal convictions for unlawfully possessing a firearm. (ECF No. 29, PageID.112-117).

The motion must be denied because binding case law from the Sixth Circuit has upheld the constitutionality of § 922(g)(1) as consistent with this country's tradition of disarming anyone who "poses a clear threat of physical violence to another." *United States v. Rahimi*, 144 S.Ct. 1889, 1901 (2024); *United States v. Williams,* 115 F. 4th 637 (6th Cir. 2024) (upholding constitutionality of 18 U.S.C. § 922(g)(1)).

## I. Legal Standard

In *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), the U.S. Supreme Court rejected the traditional tiers of scrutiny approach to Second Amendment claims and adopted a new test for regulations of the right to keep and bear arms focused on the text, history, and tradition of the amendment. When the text of the Second Amendment covers a defendant's conduct, the Government bears the burden of showing the challenged provision is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. But while laws burdening the right to keep and bear arms must be consistent with the principles of the Second Amendment, they need not

be "historical twins" or "dead ringers" for regulations in place at the founding. *Rahimi*, 144 S.Ct. at 1898.

In making a facial challenge to a statute, a defendant must "establish that no set of circumstances exists under which the Act would be valid." *Id.* In making an as-applied challenge to § 922(g)(1), the Sixth Circuit has held that the burden is on the defendant to "show he's not dangerous." *Williams*, 113 F.4th at 662.

## II. Argument

This Court should deny Smith's motion as Smith has not met his burden to show that § 922(g)(1) is unconstitutional as applied to him given his prior convictions for armed robbery. There is also not void-for-vagueness or due process violation, as *Williams* implicitly rejects such an idea and places the burden on the defendant to demonstrate their non-dangerousness.

### A. *Smith's criminal history shows he is among the class of dangerous individuals who can be prohibited from possessing firearms.*

While the Sixth Circuit upheld the constitutionality of § 922(g)(1), it did so with the understanding that defendants were entitled to an

Page 3

opportunity to prove that they aren't dangerous. *Williams*, *Id.* at 663. [1] The burden is on the defendant at all times to show his lack of dangerousness. *Id.* And the Government can refute that showing by pointing to past convictions as well as the underlying conduct involved in those convictions. *See id.* ("The dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant. And in many instances—prior murders, rapes, or assaults—the dangerousness will be self-evident."). Prior convictions based on crimes against the person as well as drug crimes and burglary are inherently dangerous. *Id.* at 663.

In fact, the Williams court specifically rejected an as-applied challenge by a defendant with a prior armed robbery conviction. *See Williams*, *Id.* at 662. (rejecting as-applied challenge by defendant with a prior conviction for armed robbery). Here, Smith has a prior armed robbery conviction for which he received a significant sentence. (21-cr-20013, ECF No. 38: PSR, ¶ 28). In that case, Smith was the getaway driver when his three co-actors entered a store, with two of them

---

[1] While the Government continues to believe that § 922(g)(1) is constitutional in all its applications, Smith's as-applied challenge is clearly without merit.

pointing firearms at the store clerk. *Id.* They stole money from the cash register, lottery tickets, and money from the customer's purse. They ran to a car driven by Smith, who tried to evade police when they attempted to stop the car. *Id.* For this conviction, Smith received a sentence that involved a minimum of 84 months' imprisonment.

Smith argues that acting as a driver in the robbery and age at the time of the offense negates his dangerousness. This argument lacks merit. Smith's guilty plea indicates that he knew that an armed robbery was going to occur and assisted in it, that he willingly participated in a crime where his co-actors endangered the lives of others in a violent manner. Taking part in such an offense in any role is indicative of dangerousness, as the willing to assist in such an endeavor demonstrates that he is a physical risk to others. And any argument related to his age at the time of the offense is negated by his repeated convictions for unlawful weapon possession following his release from custody.

Smith's unlawful possession of weapons following his release for that offense further belie his claim. On October 10, 2019, he was arrested when he was the passenger of a car with a loaded firearm

Page **5**

recovered by police. (21-cr-20013, ECF No. 38: PSR, ¶ 29). For that, a grand jury indicted him for being a felon in possession of a firearm. He pleaded guilty to that charge on January 20, 2020. After his guilty plea in that case, he was again indicted for felon in possession of a firearm for an incident that occurred on August 18, 2020. (*Id.* at ¶¶ 10-13). Agents received information that Smith was unlawfully possessing firearms. They recovered three firearms from the backyard of a residence associated with Smith. (*Id.* at ¶ 12). A review of Smith's social media accounts demonstrated that he held at least one of the firearms earlier that day. Smith also pleaded guilty to that offense.

Smith demonstrated an inability to follow the law and demonstrate his non-dangerousness by twice unlawfully possessing firearms, doing so the second time while another charge for the same conduct was pending sentencing. (*Id.*).

Given the nature of Smith's prior convictions— a violent offense and repeated unlawful possession of firearms, Smith has not met his burden to show he is not dangerous. Thus, his as-applied challenge must be denied.

## B. Smith's void-for-vagueness challenge is foreclosed by *Williams*

Smith raises a void-for-vagueness challenge based off the inability for himself or any other defendant to know whether they are subject to the provisions of 18 U.S.C. § 922(g) post-*Williams*. Smith is wrong. In rejecting a facial challenge to 18 U.S.C. § 922(g), the Sixth Circuit foreclosed challenges that the law was void for vagueness. *See also United States v. Flores*, No. 24-20579, 2025 WL 348390, at *2 (E.D. Mich. Jan. 30, 2025); *United States v. Morris*, No. 2:24-CR-20339-2, 2025 WL 224685, at *3 (E.D. Mich. Jan. 16, 2025) (rejecting void-for-vagueness challenges based off *Williams*). Further, as noted by the Sixth Circuit in *United States v. Lopez*, 929 F.3d 783, 785 (6th Cir. 2019), "[T]he void-for-vagueness doctrine [ ] focuses on the actions of Congress, not the other branches." In other words, while the judicial interpretation of the constitutionality of 18 U.S.C. § 922(g) in *Williams* may create some complexities, it is not one that is susceptible to a void-for-vagueness challenge. *See United States v. Buford,* No. 2:23-CR-20375-TGB-EAS, 2024 WL 5239444, at *9 (E.D. Mich. Dec. 27, 2024). Smith's void-for-vagueness challenge is without merit.

## III.  Conclusion

For the reasons given above, Smith's motion to dismiss the indictment must be denied.

Respectfully submitted,

>JULIE A. BECK
>Acting United States Attorney
>
>/s/Christopher W. Rawsthorne
>Assistant United States Attorney

February 25, 2025

## Certificate of Service

I certify that on February 25, 2025, an employee of the United States' Attorney's Office electronically filed the Government's Response with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following: Charles Grossmann.

> s/ *Christopher W. Rawsthorne*
> Assistant U.S. Attorney
> U.S. Attorney's Office