UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No: 24-20376
Hon. F. Kay Behm
U.S. District Judge

v.

MONTINEZ SMITH,

          Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS (ECF No. 29)**

## I.    PROCEDURAL HISTORY

This matter is before the court on Defendant Montinez Smith's ("Smith") Motion to Dismiss his indictment (ECF No. 29). On July 17, 2024, the Government issued an indictment as to Smith on a single charge: felon in possession of a firearm under 18 U.S.C. § 922(g)(1), commonly referred to as the federal "felon in possession" law (ECF No. 1). Smith filed his motion to dismiss the indictment on January 30, 2025; the Government responded at ECF No. 33, and Smith filed a reply at ECF No. 37. Smith argues first that the statute is unconstitutional as applied to him, and second that § 922(g)(1) was rendered

1

unconstitutionally vague by the Sixth Circuit's decision in *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024). In that case, the Sixth Circuit determined that § 922(g)(1) "is constitutional on its face and as applied to dangerous people." The court held a hearing on the motion on April 22, 2025, and this opinion follows.

For the reasons described below, the court finds that Smith may constitutionally be prohibited from possessing firearms and **DENIES** his Motion to Dismiss.

## II. STANDARD OF REVIEW

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment codified a pre-existing "individual right." 554 U.S. 570, 579-81, 592 (2008). This right protects the ability to keep, for "lawful purposes," certain kinds of weapons in common usage, like those used for self-defense. *Id.* at 625, 627 (quotation omitted). *Heller* cautioned that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," like § 922(g)(1). *Id.* at 626. Thus, even after *Heller*, many courts of appeals, including the Sixth Circuit, refused to hear as-applied challenges to § 922(g)(1). *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010).

2

The U.S. Supreme Court upended that tradition in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen* required the government to show that a regulation's infringement on a particular citizen's Second Amendment right was "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. The Supreme Court then attempted to clarify *Bruen*'s holding in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Rahimi* emphasized that firearm regulations need not have a historical "twin" to be valid. *Id.* at 1898 (quoting *Bruen*, 597 U.S. at 30). Instead, the relevant inquiry is whether the challenged regulation is consistent with the "principles that underpin our regulatory tradition." *Id.* The scope of that inquiry remains unclear. *See United States v. Rahimi,* 602 U.S. 680, 745-46 (2024) (Jackson, J., concurring). In light of *Bruen* and *Rahimi*, the Sixth Circuit considered whether § 922(g)(1), a federal "felon in possession" law, remained a constitutional mechanism for disarming people in *United States v. Williams.* 113 F.4th 637 (6th Cir. 2024). The *Williams* panel concluded that 18 U.S.C. § 922(g)(1) is constitutional on its face and as applied to "dangerous" people. *Id.* at 663. It also set forth the standard for determining whether a person convicted of a

3

felony is "dangerous" and can be disarmed. "When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record," "as well as other judicially noticeable information." *Id.* at 660.

Under the *Williams* framework, criminal convictions can broadly be separated into three categories. The first category encompasses crimes against a person such as murder, assault, and robbery, which speak "directly to whether an individual is dangerous." *Id.* at 658. In this category, the burden of proof to show non-dangerousness is "extremely heavy." *Id.* ("[V]iolent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question."). The second category encompasses crimes like drug trafficking or burglary. "[T]hese crimes put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659. The final category includes crimes like mail fraud, tax fraud, or making false statements. The *Williams* panel thought that such crimes cause no physical harm to another person or the community, and indicated that a defendant's

4

burden is low because district courts should generally find that these crimes "don't make a person dangerous." *Id.*[1]

## III. FACTUAL BACKGROUND

Under the Sixth Circuit's decision in *Williams,* Smith's prior convictions are relevant to his as-applied challenge to § 922(g)(1). Smith's records reflect the following relevant convictions as an adult:

| No. | Year | Conviction | Citation |
|---|---|---|---|
| 1 | 2008 | Armed Robbery & Felony Firearms (Mich. Comp. Laws §§ 750.529, 750.227b) | PSR[2] ¶ 28 |
| 2 | 2019 | Possession of a Firearm by a Prohibited Person (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) | PSR ¶ 29[3] |
| 3 | 2020 | Possession of a Firearm by a Prohibited Person (18 U.S.C. §§ 922(g)(1), 924(a)(2) and 18 USC § 3147(1)) | 21-CR-20013, ECF No. 49 |

---

[1] A note on phrasing: this court attempts to use, where possible, language that centers the dangerousness of the crime and acts at issue. Convictions based on crimes which put another person's safety at risk are valid bases for disarming someone under § 922(g)(1). *Williams*, 113 F.4th at 659. As the Supreme Court put it: "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024); *see also United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (holding that the offense of drug trafficking itself poses a danger to the community).

[2] PSR citations are to the Presentence Report in *United States v. Montinez Smith*, Case No. 21-cr-20013, submitted under seal in that case as ECF No. 43.

[3] *See also United States v. Smith*, 19-cr-20802, ECF No. 64.

## IV. ANALYSIS

Smith's second argument, that § 922(g)(1) was rendered unconstitutionally vague by *Williams*, is an argument better considered by the Sixth Circuit or the Supreme Court. *United States v. Berry*, No. 24-3769, 2025 U.S. App. LEXIS 8680, *2 (6th Cir. Apr. 10, 2025) ("Insofar as Berry argues our binding caselaw is wrong, he must seek en banc or Supreme Court review."). This court is bound by *Williams* until the Sixth Circuit or the U.S. Supreme Court say otherwise, and that case foreclosed facial challenges to § 922(g)(1). *See United States v. Thomas-Mathews*, 81 F.4th 530, 540 n.3 (6th Cir. 2023) (A published Sixth Circuit panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (citations omitted). Further, as this court and others have noted, vagueness is a doctrine that typically applies to statutes, not to interpretations by a court. *See United States v. Jennings*, --- F.Supp.3d ---; 2024 WL 4560602, at *6 (E.D. Mich Oct. 24, 2024); *United States v. Brown*, No. 24-20227, 2024 WL 5161946, at *3 (E.D. Mich. Dec. 18, 2024) (similarly rejecting vagueness challenge to the *Williams*

6

framework). Defendant argues that *Williams* did not address the due process and vagueness challenge that he now brings, and therefore *Williams* does not bind the court on this point. ECF No. 29, PageID.116. However, the Sixth Circuit has since weighed in on that point as well (though in an unpublished opinion), and the court is not convinced that just because the *Williams* panel did not address any notice and due process concerns inherent in their new "dangerousness" inquiry, the issue is available for this court's review. *See United States v. Williams*, No. 24-1244, 2025 U.S. App. LEXIS 8690, *4 (6th Cir. Apr. 11, 2025) ("[I]t is not clear that an overbroad judicial interpretation can render the underlying statute unconstitutional under the void-for-vagueness doctrine.") (citing *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1106 (6th Cir. 1995) ("No precedent supports the proposition that a party may attack a Supreme Court decision as void for vagueness.")).

That leaves Smith's as-applied challenge under the *Williams* framework. Under the *Williams* framework, a court should ask: has the defendant been convicted of any felonies for dangerous conduct? If so, Congress can constitutionally disarm them. Although the *Williams* court at times phrased the analysis in terms of "dangerous persons" and

7

whether a person "is dangerous," the analytical framework only asks about the dangerousness of their felony convictions. *See Williams*, 113 F.4th at 662; *id.* at 660 (phrasing the inquiry as "whether a defendant's past convictions are dangerous"). In practical terms, the burden on a defendant under this framework whose convictions do not obviously fall into *Williams*' third category has proven a high bar to meet. As of writing, this court has not found a single decision in the Sixth Circuit that has dismissed a felon-in-possession charge on an as-applied challenge under the *Williams* framework. *Cf. United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).").

Smith's multiple felony convictions are not like those identified by the Sixth Circuit as non-dangerous. Armed robbery does not fall into that category.[4] Unlawfully possessing a firearm when that possession

---

[4] *See Williams*, 113 F.4th 637, 662 (6th Cir. 2024) (armed robbery conviction "alone [was] sufficient to conclude that Williams . . ., present[ed] a danger to others or the public" through his conduct); *United States v. McQueen*, No. 24-20136, 2024 U.S. Dist. LEXIS 118955, *18 (E.D. Mich. July 8, 2024) ("armed robbery convictions . . . clearly put [the defendant] within the cohort of individuals who have been adjudicated as having threatened physical harm to others").

8

was plainly foreclosed by law[5] (twice) does not fall into that category.[6]

Further, Defendant was on supervised release for both of his prior felon-in-possession offenses when he committed this offense. In *United States v. Goins*, 118 F.4th 794, 802 (6th Cir. 2024), the Sixth Circuit held that felons on supervised release, probation, or parole may be deprived of their right to possess a firearm. *Id.* at 801-03 ("[O]ur nation's historical tradition of forfeiture laws, which temporarily disarmed convicts while they completed their sentences, also supports disarming those on parole, probation, or supervised release."); *see also United States v. Edwards*, No. 24-20660, 2025 U.S. Dist. LEXIS 55233, *7 (E.D. Mich. Mar. 25, 2025) (the fact that defendant was on supervised release "alone supports denying [d]efendant's motion to dismiss" under *Goins*); *United States v. Brown*, No. 24-20227, 2024 U.S. Dist. LEXIS 228880, *16 (E.D. Mich. Dec. 18, 2024) (defendant's "repeated firearms violations while on probation and supervised

---

[5] *See United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010).

[6] Smith's argument, that his felon-in-possession convictions are irrelevant to the analysis, is incorrect. *See, e.g.*, *Williams*, 113 F.4th at 662 (where defendant had prior conviction for possessing a firearm as a felon, "[t]he government could've pointed to [that] conviction[] to demonstrate his dangerousness"); *United States v. Golden*, No. 3:24-cr-94, 2025 U.S. Dist. LEXIS 11024, at *12 (N.D. Ohio Jan. 22, 2025) (defendant's "*two* prior firearm possession convictions demonstrate his repeated willingness to flout [] gun laws.") (emphasis in original).

release[] easily demonstrates that his disarmament while on supervised release was lawful"). As a condition of his supervised release, Smith was prohibited from possessing a firearm. *United States v. Smith*, 21-cr-20013, ECF No. 49, PageID.246; *United States v. Smith*, 19-cr-20802, ECF No. 64, PageID.228.[7] Thus, the court need not consider Smith's arguments as to his armed robbery conviction regarding his age nor the extent of his participation; even if the court were inclined to grant those arguments any weight, *Goins* effectively ends the inquiry here.

## V.   CONCLUSION

For the reasons stated above, the court **DENIES** Defendant's Motion to Dismiss his indictment for violation of § 922(g)(1).

**SO ORDERED**.


Date: April 23, 2025                              s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge

---

[7] In his plea agreement for his 2021 charge, Smith agreed that at the time of his 2021 charge, he was on release pending sentencing for his 2019 felon-in-possession charge. He was thus doubly on notice of the unlawfulness of the conduct underlying his second conviction. *United States v. Smith*, 21-cr-20013, ECF No. 28, PageID.91.